State v. Teal

STATE OF NORTH CAROLINA v. THOMAS LOGAN TEAL AND
JACK HICKS

No. 55

(Filed 18 November 1970)

Indictment and Warrant § 14; Extradition — motion to quash indictment —
wrongful return to this State

The trial court properly denied defendant's motion to quash
the indictments on grounds that he signed a waiver of extradition
from another state while intoxicated and without being advised of
his right to counsel, and that he was returned to this State without
being advised of his right to oppose extradition, since in exercising
its power to return bills of indictment the grand jury does not con-
cern itself with whether or not the accused is in custody or in this
jurisdiction.

APPEAL by defendant, Jack Hicks, from *Brewer, J.,* March,
1970 Session, SCOTLAND Superior Court.

In these criminal prosecutions the appellant, Jack Hicks,
and one Thomas Logan Teal, were indicted in two cases of rob-
bery with the use and threatened use of firearms. The cases
were consolidated for trial. At the close of the State's evidence,
Teal's motion for a directed verdict of not guilty in one of the
cases was allowed. He was convicted in the other case and given
a prison sentence of five years. He did not appeal. Hicks was
convicted in both cases. From consecutive prison sentences of
five years, Hicks appealed.

*Robert Morgan, Attorney General, William W. Melvin,
Assistant Attorney General, T. Buie Costen, Assistant Attorney
General, for the State.*

*J. Robert Gordon for the defendant Hicks.*

PER CURIAM.

The defendants were arrested in South Carolina. They
signed written waivers of extradition and were returned to
North Carolina for trial. Before pleading to the charges, the
defendant Hicks moved to quash the indictments on these
grounds: (1) At the time of his arrest in South Carolina by
the Sheriff of Marlboro County, the defendant had been drink-
ing, and while he was under the influence of liquor, he signed
a written waiver of extradition; (2) At the time he signed the
waiver, he was not represented by counsel, and had not been

State v. Teal

advised that he was entitled to counsel; (3) He was returned by the North Carolina officers without being advised that he had the right to oppose extradition. Hence, his presence in the jurisdiction was wrongful, in violation of his rights, and he could not legally be indicted in North Carolina.

Oddly, the defendant does not challenge the trial on any ground. His only claim is that the indictment should be quashed because he was wrongfully returned to North Carolina. In exercising its power to return bills of indictment, the Grand Jury does not concern itself with questions whether the accused is in or out of custody, in or out of the jurisdiction. The motion to quash the indictment was properly denied.

No error.